UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA G. SNELL, | : | Case No. 3:12-cv-119 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| | : | |
| Defendant. | : | |

**ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 15) IS GRANTED AND PLAINTIFF IS AWARDED $3,962.50**

This case is a Social Security disability benefits appeal under which the Court determined that the ALJ's non-disability finding was not supported by substantial evidence and was reversed, awarding benefits in favor of Plaintiff. (Doc. 13). Seeking to be compensated for the legal expenses incurred in obtaining the benefits award, Plaintiff's counsel has filed a fee application (Doc. 15) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner did not oppose the motion, and the Court finds, upon review, that Plaintiff's requested fee is reasonable.

Therefore, the EAJA fee application (Docs. 15) is **GRANTED** and Plaintiff is **AWARDED** the sum of **$3,962.50**. This award satisfies Plaintiff's claims for fees, expenses, and costs under 28 U.S.C. § 2412.[1]

---

[1] Any fees paid belong to Plaintiff and not his attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). However, if counsel for the parties can verify that Plaintiff does not owe any pre-existing debt subject to offset, the Defendant shall direct the award to Plaintiff's attorney pursuant to the EAJA assignment which was signed by Plaintiff and counsel.

**IT IS SO ORDERED.**

Date:  5/1/13 　　　　　　　　　　　　　　　　　*/s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge